UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COLEMAN,

       Petitioner,                   Case No. 2:16-14102
                                                Hon. George Caram Steeh

       v.

TONI TRIERWEILER,

       Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE,
DENYING CERTIFICATE OF APPEALABILITY, AND DENYING
PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner, James Coleman, has filed an "Application to Hold Federal Habeas Petition in Abeyance Pending Exhaustion of Potentially Dispositive Issues in State Court," which the Court will construe as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges Coleman's Oakland Circuit Court convictions of transporting a prostitute, Mich. Comp. Laws § 750.429, as well as other felony offenses. He was sentenced to 176 months to 40 years imprisonment.

I.

According to the allegations in the petition, and as confirmed by the

Michigan One Court of Justice website, Petitioner's direct appeal of his state conviction ended when his application for leave to appeal was denied by the Michigan Supreme Court on June 28, 2016. *People v. Coleman*, No. 153139 (Mich. Sup. Ct. June 28, 2016).[1] Petitioner asserts that on October 10, 2016, he filed a motion for relief from judgment in the trial court raising the claims he wishes to present in his habeas petition. Petitioner claims: 1) the trial court improperly scored the sentencing guidelines by considering a prior invalid conviction, 2) Petitioner was denied the effective assistance of trial counsel, and 3) Petitioner was denied the effective assistance of appellate counsel.

Petitioner's pleading requests the Court to stay this case and hold it in abeyance while he completes review of these three claims in the state courts.

II.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion

---

[1] See coa.courts.mi.gov/. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. See United States ex. rel. *Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. See, e.g., *Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), cited in *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Here, Petitioner admits that he is currently in the process of exhausting his claims in the state courts in a state post-conviction review proceeding under Michigan Court Rule 6.501 et seq.

The district court can and must raise the exhaustion issue on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions containing unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a

one-year statute of limitations on habeas claims, see 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Here, Petitioner completed direct review of his conviction when the Michigan Supreme Court denied his application for leave to appeal on June 28, 2016. The one-year statute of limitations began to run under §2244(d)(1)(A) when the ninety-day period for seeking certiorari in the United States Supreme Court expired. See *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The statute of limitations for filing this case therefore began to run on or about September 26, 2016. Petitioner states that he filed his motion for relief from judgment in the trial court on October 10, 2016, a mere two weeks after the statute of limitations began running. Under §2244(d)(2), Petitioner's properly filed state post-conviction review proceeding acts to toll the limitations period. Therefore, Petitioner is not in danger of running

afoul of the statute of limitations, and there is no basis for staying this case rather than dismissing it without prejudice. See *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (stay of habeas case requires showing of "good cause.").

Accordingly, the Court will summarily dismiss the petition without prejudice. Once Petitioner completes state post-conviction review he will have ample time–nearly a year–to properly file a new petition.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability. The Court will also deny permission to appeal in forma pauperis because any appeal of this decision would be frivolous and could

not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IV.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that a certificate of appealability, and permission to appeal in forma pauperis are **DENIED**.

Dated: November 22, 2016

                                     s/George Caram Steeh
                                     GEORGE CARAM STEEH
                                     UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 22, 2016, by electronic and/or ordinary mail and also on James Coleman #183116, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk